B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Michelle L. Duca, aka Michelle L. Margeson,<br>Elizabeth A. Margeson | **DEFENDANTS**<br>United Wholesale Mortgage |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Richard Smeloff<br>Smeloff & Associates<br>500 Granite Ave, 3rd floor Milton MA 02186 | **ATTORNEYS** (If Known)<br>Guatta and Benson LLC<br>PO Box 519<br>Chelmsford MA, 01824 |
| **PARTY** (Check One Box Only)<br>☒ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoid a pre-petition transfer and preserve for the benefit of debtors, per 11 USC §522.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[2] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR Michelle L. Duca, aka Michelle L. Margeson Elizabeth A. Margeson | BANKRUPTCY CASE NO. 23-40146-EDK |
| DISTRICT IN WHICH CASE IS PENDING Massachusetts | DIVISION OFFICE Worcester | NAME OF JUDGE Elizabeth D. Katz |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*Richard SMeloff*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 4/3/2023 | Richard Smeloff |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>Michelle L. Duca, aka Michelle L. Margeson,<br>Elizabeth A. Margeson<br>                               Debtors | Chapter 13<br>Case No. 23-40146-EDK |
| Michelle L. Duca, Elizabeth A. Margeson   Plaintiffs,<br>            v.<br><br>United Wholesale Mortgage<br><br>                               Defendants | Adversary Proceeding No. _____ |

## COMPLAINT TO AVOID UNPERFECTED PRE-PETITION TRANSFER

NOW COMES Michelle L. Duca and Elizabeth A. Margeson, debtors, and complains of the defendants as follows:

1. On February 27, 2023, the Debtors filed with this Court a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Property of the estate includes their interest[1] in their home at 90 Leland Hill Road ; Sutton, MA. (hereinafter "the property").
2. They acquired the property in 2019. They recorded a Declaration of Homestead in the Worcester County Registry of Deeds on July 26, 2019.
3. Because they live in Sutton, a community in Worcester County, venue of the bankruptcy case underlying this complaint is proper in Massachusetts pursuant to 28 U.S.C. § 1408, and venue of this action is proper pursuant to 28 U.S.C. § 1409.
4. Defendant United Wholesale Mortgage is the assignee of a mortgage encumbering title to the property.
5. United Wholesale Mortgage is the individual who, upon information and belief, was the high bidder at a foreclosure auction of the property at some point before the petition was filed.
6. The relief sought by this complaint seeks to enhance the property of the bankruptcy estate and establish the debtors' right to an exemption. It is a core proceeding within the meaning of 28 U.S.C. § 157, and the court has authority to enter a final judgment.
7. An Adversary Proceeding is required by Fed. R. Bankr. Pro. 7001 because the debtors are seeking to recover property.
8. Prior to the commencement of the underlying bankruptcy case, Duca and Margeson had been in default in making their mortgage payments due to employment issues as well as the pandemic to some extent. The employment issues have been resolved.
9. No foreclosure deed had been recorded in the Worcester County Registry of Deeds as of the petition date, thus no transfer of title had taken place as of that date.
10. Until a foreclosure deed is recorded in the Registry of Deeds, the transfer is unperfected and may be avoided. See In re Mularski, 565 BR 203 (Bankr. D. Mass. 2017).

---

[1] See In re Sullivan, 551 BR 868 (Bankr. D. Mass. 2016).

11. A foreclosure auction only accomplishes terminating the mortgagor's equity of redemption. <u>Outpost Cafe, Inc. v. Fairhaven Savings Bank</u>, 3 Mass. App. Ct. 1 (1975). There is no "sale" until consideration is paid and a deed recorded. <u>Beal v. Attleborough Savings Bank</u>, 248 Mass. 342 (1924).
12. Because the transfer is unperfected, the debtor may avoid the transfer pursuant to 11 USC §522(h), as established in <u>In re Giacchetti</u>, 584 BR 441 (Bankr. D. Mass. 2018).

WHEREFORE, the Debtor requests that this Court:

Enter an order (i) avoiding the transfer; (ii) declaring that the property is automatically preserved for the benefit of the debtors pursuant to 11 USC §522(i); (iii) finding that they may exempt the property pursuant to §522(g); and (iv) granting such other relief to the Debtor as is just and proper.

Dated:    4/3/2023

Respectfully submitted,
Michelle L. Duca and
Elizabeth A. Margeson,
By their attorney,

/s/ ***Richard D. Smeloff***
Richard D. Smeloff, Esq.
Smeloff & Associates
500 Granite Ave
3rd Floor
Milton, MA 02186
(617) 690-2124
BBO# 567869